# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6086 | **DATE** | 10/12/2010 |
| **CASE TITLE** | Lori Cole vs. Cathy Williams, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, Lori Cole's "Motion to Remand Case to the Circuit Court of Cook County, Illinois" [12] is granted and the claims at issue in this case are hereby remanded to the Circuit Court of Cook County.

■[ For further details see text below.]  Notices mailed.

## STATEMENT

     This case involves two sisters, Lori Cole and Cathy Williams, who have been engaged in litigation regarding the assets of their mother, Shirley Cole, since before the time of Shirley Cole's death on January 12, 2010.

     On April 29, 2008, Williams filed a complaint against Lori Cole in the Circuit Court of Cook County, alleging that Lori Cole was liable for (1) alienation of affection; (2) tortious interference with expectancy; (3) intentional infliction of emotional harm; and (4) conversion. (Case No. 2008 L 4693 (later renumbered as 2009 L 12280).)

     After the death of Shirley Cole on January 12, 2010, a probate action was filed in Maricopa County, Arizona. (Case No. PB 2010-279). Lori Cole was appointed the personal representative of Shirley Cole's estate, and Williams thereafter filed objections to the validity of Shirley Cole's will and trust in the Arizona probate court. On July 30, 2010, Williams filed an action in aid of the Arizona probate suit in the Circuit Court of Cook County (Case No. 2010 L 8777), for purposes of issuing subpoenas to and taking the depositions of certain Illinois witnesses. On August 13, 2010, case numbers 2010 L 8777 and 2009 L 12280 were consolidated before the Circuit Court of Cook County.

     On August 31, 2010, Judge Kathy Flanagan granted Lori Cole (in her capacity as the representative of Shirley Cole's estate) leave to file a counterclaim for breach of fiduciary duty and fraud against Williams in case number 2009 L 12280 / 2010 L 8777. In the same order, Judge Flanagan granted Williams's motion to dismiss the claims against Lori Cole, noting that the counterclaim was "to stand." (Mot. to Remand (Dkt. No. 12), Ex. K.)

     On September 23, 2010, Williams filed a notice of removal, asserting that this court has subject-

matter jurisdiction over Lori Cole's counterclaim pursuant to the diversity provisions of 28 U.S.C. § 1332(a). On September 27, 2010, Judge Flanagan found that the "in aid of" case (2010 L 8777) had been removed to this court along with Lori Cole's counterclaim (2009 L 12280). On October 7, 2010, Lori Cole filed a motion to remand (Dkt. No. 12), which is now pending before this court.

Pursuant to statute, a defendant is generally entitled to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The problem with the attempted removal in this case is that Williams is not a defendant. As the Seventh Circuit has made clear, "a litigant who files suit in state court is a 'plaintiff' and cannot remove the case, even if the defendant files a counterclaim and the original plaintiff then wears two hats, one as plaintiff and one as defendant—and even if the counterclaim is distinct from the original claim and could have been a separate piece of litigation." *First Bank v. DJL Properties, LLC*, 598 F.3d 915, 916 (7th Cir. 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Williams has cited no law suggesting that a plaintiff may remove a case to federal court if a defendant later becomes a citizen of a different state, and this court is not aware of any such precedent.

Moreover, even if the court were to accept Williams's assertion that she should be considered a defendant to the "stand-alone" counterclaim filed by Lori Cole (*see* Notice of Removal (Dkt. No. 1) ¶ 1), the court finds that Williams would still be barred from removing this counterclaim to federal court under § 1441(b). Section 1441(b) explicitly states that state law claims are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because Williams is a citizen of the State of Illinois, she is barred by statute from removing to this court the state law claims filed against her in the Circuit Court of Cook County. *See First Bank*, 598 F.3d at 917 (noting that § 1441(b) "provides that a home-state defendant can't remove a diversity suit").

For the reasons set forth above, Lori Cole's "Motion to Remand Case to the Circuit Court of Cook County, Illinois" (Dkt. No. 12) is granted and the claims at issue in this case are hereby remanded to the Circuit Court of Cook County.

*James F. Holderman* (signature)

| | Courtroom Deputy Initials: | A.M.M. |
|---|---|---|